## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

JODY IADANZA and DAVID IADANZA,

                 Plaintiffs,

v.

UNITED STATES OF AMERICA,

                 Defendants.

Civil Action No.:

**CIVIL ACTION – MEDICAL
PROFESSIONAL LIABILITY ACTION**

## COMPLAINT

Plaintiffs, Jody Iadanza and David Iadanza by and through counsel, Victor H. Pribanic, Sherie Painter Cannin, and Pribanic & Pribanic, L.L.C., set forth the following Complaint, and in support thereof avers as follows:

## PARTIES

1.     Plaintiffs, JODY IADANZA and DAVID IADANZA, are adult citizens of the Commonwealth of Pennsylvania and currently reside at 8 Marie Drive, Charleroi, Pennsylvania 1502.

2.     Defendant, UNITED STATES OF AMERICA, through Cornerstone Care, Inc. upon information and belief, an agency of the United States Government, employed Andrew L. Spergel, M.D., a physician who provided Medical, Obstetrics and Gynecological services to individuals, including Jody Iadanza. At all times relevant, Dr. Spergel provided medical services to Jody Iadanza, and as an employee of the United States, upon information and belief, the United States had authority to control the physical performance of his job duties and this

1

physician was acting within the scope of his employment with the United States. Plaintiff is asserting a professional liability action against this defendant.

## JURISDICTION

3.      This Court has original subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1346(b)(1) in that this claim involves a civil action on a claim against the United States for money damages accruing after January 1, 1945 for personal injury or death caused by the negligent or wrongful act or omission of an employee of the Government while acting under the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred, and this court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).

4.      Venue is appropriate in the Western District of Pennsylvania pursuant to 28 U.S.C. § 1402(b) in that the act or omission complained of occurred in this district.

## PROCEDURAL BACKGROUND

5.      On October 24, 2008, Jody and David Iadanza timely filed a Writ of Summons versus Monongahela Valley Hospital and Andrew L. Spergel, M.D. in the Court of Common Pleas, Washington County, Pennsylvania at Civil Docket Number 2008-9652.

6.      Plaintiffs filed their Complaint in the Court of Common Pleas of Washington County, Pennsylvania on April 13, 2009 against Andrew L. Spergel, M.D. and Monongahela Valley Hospital alleging that the defendants negligently treated Plaintiff, Jody Iadanza, during the delivery of her third child in October, 2006.

7.      On June 8, 2009, the United States of America ("USA") removed this matter to the United States District Court for the Western District of Pennsylvania at Case Number 2:09-

2

cv-734 on the grounds that Defendant, Andrew L. Spergel, M.D., was acting within the scope of his federal employment at the time of the occurrence alleged in the Complaint, engendering application of the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b); 2271-2680. The USA also moved to substitute itself as a named Defendant, replacing Andrew L. Spergel, M.D., because both the FTCA and the Public Health Service Act provide that all actions arising there under must be brought in the name of the United States, not in the name of the federal employee who is allegedly negligent. The Honorable Gary L. Lancaster granted that Motion on June 15, 2009 pursuant to 28 U.S.C. § 2679(a) and 42 U.S.C. §233(c).

8.      On June 30, 2009 The Honorable Gary L. Lancaster remanded Plaintiffs' claims versus Monongahela Valley Hospital to the Court of Common Pleas, Washington County, Pennsylvania pursuant to 28 U.S.C. §1367 (c)(3).

9.      Pursuant to 28 U.S.C. § 2675 an administrative claim was presented to the U.S. Department of Health and Human Services on July 2, 2009 which was received and acknowledged for consideration and reply on July 17, 2009.

10.      On September 14, 2009, notice was provided to Plaintiffs regarding the agency's Early Offers Pilot Program.

11.      On December 22, 2009, Plaintiffs received notification that although Plaintiffs' early offer was timely, the claim was not resolved through the early offer program.

12.      Although more than six (6) months have passed since filing the administrative claim, the Department of Health and Human Services has not resolved this matter.

3

13.     Plaintiffs deem the Department of Health and Human Services' failure to respond within six (6) months to be a final denial of this claim for purposes of 28 U.S.C. § 2675(a).


## FACTS

14.     On October 29, 2006, Plaintiff, Jody Iadanza presented to Monongahela Valley Hospital's (hereinafter "MVH") labor and delivery area for the delivery of her soon to be third child.

15.     Plaintiff's past medical history revealed that she had a primary cesarean section with her first child and had delivered her second child vaginally.

16.     Plaintiff was admitted at 39 weeks in active labor at the time of presentation to MVH in anticipation of a vaginal delivery.

17.     Plaintiff's labor progressed appropriately and she preceded to complete dilation, however, after two consecutive hours of pushing, Plaintiff was unable to push the infant through the pelvis.

18.     Dr. Spergel at this point decided to proceed with a cesarean section.

19.     Plaintiff was taken to the operating room and given spinal anesthesia; there was no fetal distress.

20.     Dr. Spergel then preceded to open the abdomen through the previous incision from her first cesarean section.

21.     Once into the abdomen, Dr. Spergel sliced through both the anterior and posterior walls of the bladder, delivering the baby through the filleted bladder.

4

22.     After delivery of the infant, Dr. Spergel discovered the cut to the posterior bladder and called for urological consultation.

23.     Arthur Tomas, M.D. a urologist, was called into the operating room.

24.     Urology operative report noted that the "patient had a large anterior and posterior defect with the posterior defect extending into the anterior vaginal wall."

25.     In order to repair the posterior defect in the bladder, Dr. Thomas, had to dissect the posterior bladder from the uterine wall.

26.     Plaintiff, post-operatively was transferred to the intensive care unit in stable condition and was given a PCA for pain.

27.     By postoperative day three, Plaintiff was passing flatus well and tolerating a general diet well.

28.     Plaintiff continued to produce blood-tinged urine output, however her Jackson-Pratt drain did not have significant output.

29.     The Jackson-Pratt drain was discontinued and Plaintiff was discharged with a Foley bag.

30.     As a result of the Dr. Spergel's failure to, inter alia, utilize proper procedures to prevent Plaintiff's risk of bladder injury, failure to recognize the nature and extent of injury to Plaintiff's bladder during removal of the fetus, Plaintiff has suffered permanent and serious injuries as set forth below.

## COUNT I – NEGLIGENCE

## JODY IADANZA, PLAINTIFF V. THE UNITED STATES OF AMERICA

Plaintiff incorporates by reference Paragraphs 1 through 30 of the Complaint and further avers that:

31.   Plaintiff submitted herself to the care and custody of Andrew L. Spergel, M.D. who undertook to diagnose and treat her condition.

32.   Plaintiff, as a direct and proximate result of the care and treatment rendered by Dr. Spergel, particularly, in cutting both the anterior and posterior bladder walls, suffered severe and permanent injuries, including, *inter alia*, repeated urinary tract infections, urgency and frequency of urination, and scarring of the interior wall of her bladder.

33.   The foregoing acts and/or omissions of Dr. Spergel and resulting injury of Plaintiff were caused by and were the direct result of Dr. Spergel's failure to exercise reasonable treatment and care and that degree of care owed the Plaintiff under the circumstances in any or all of the following respects:

a)   In performing Plaintiff's c-section carelessly and negligently;

b)   In lacerating Plaintiff's bladder during a c-section;

c)   In delivering Plaintiff's baby through Plaintiff's bladder;

d)   In injuring Plaintiff's bladder under circumstances where the c-section was not secondary to a life-threatening situation to either the mother or to the fetus;

e)   In failing to recognize the extent of Plaintiff's bladder injury prior to and during the baby's delivery;

f)   In failing to take the necessary steps to protect the bladder from injury during the c-section; and,

g)   In failing to identify and/or remove the bladder from the operative field thus preventing injury to it.

34.   As a result of the conduct set forth above, Plaintiff has sustained the following severe and serious injuries and damages:

(a)   past, present and future pain, suffering, inconvenience, embarrassment, emotional distress and mental anguish;

6

(b)     further and additional injuries to her muscles, nerves, tissues, ligaments and vascular system;

(c)     past, present and future medical expenses as a result of undergoing or needing to undergo subsequent surgical and/or medical care and treatment to correct and/or repair injuries caused by Defendant's negligence;

(d)     past, present and future earnings loss and loss of earning capacity;

(e)     impairment of her general health, strength and vitality;

(f)     numerous bladder and urinary tract infections;

(g)     constant dribbling requiring constant protection;

(h)     scarring of the interior wall of her bladder;

(i)     intense urgency and frequency of urination; and,

(j)     loss of the ordinary pleasures and enjoyment of life.

35.     Solely as a result of Dr. Spergel's negligent conduct, which conduct was the direct and proximate cause of Plaintiff's injuries, Defendant, United States of America, is liable for the damages set forth above.

WHEREFORE, Plaintiffs hereby seek damages in an amount in excess of the jurisdictional limits. More specifically, Plaintiffs have made a claim for $750,000.00 for the personal injuries sustained by Jody Iadanza.

## COUNT III- LOSS OF CONSORTIUM

## DAVID IADANZA, PLAINTIFF V. UNITED STATES OF AMERICA

Plaintiff, David Iadanza, incorporates by reference Paragraphs 1 through 35 of the Complaint and further avers that:

36.     Plaintiffs, David Iadanza and Jody Iadanza, are husband and wife.

7

37.    As a result of the injury to Plaintiff, Jody Iadanza, Plaintiff, David Iadanza, has been deprived of her aid, comfort, assistance, companionship, and consortium.

WHEREFORE, Plaintiffs hereby seek damages in an amount in excess of the jurisdictional limits.  More specifically, Plaintiffs have made a claim for $750,000.00 for the personal injuries sustained by Jody Iadanza.

| Date:  February 9, 2010 | PRIBANIC & PRIBANIC, L.L.C. |
| | Victor H. Pribanic<br>P.A. I.D. 30785 |
| | Sherie Painter Cannin<br>P.A. I.D. 92820 |
| | PRIBANIC & PRIBANIC, LLC<br>1735 Lincoln Way<br>White Oak, PA  15131<br>412-672-5444<br>412-672-3715 fax<br>*Counsel for Plaintiffs* |

**JURY TRIAL DEMANDED**

**JODY IADANZA and DAVID IADANZA v. UNITED STATES OF AMERICA**

**Certificate of Merit as to United States of America**

Civil Action No.: _____

I, Sherie Painter Cannin, certify that:

☐   an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by this Defendant in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm (1042.3(a)(1));

*AND/OR*

☑   the claim that this Defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this Defendant is responsible deviated from an acceptable professional standard and an appropriate licensed professional has supplied a written statement to the undersigned that there is a basis to conclude that the care, skill or knowledge exercised or exhibited by the other licensed professionals in the treatment, practice or work that is the subject of the Complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm (1042.3(a)(2));

*OR*

☐   expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim against this Defendant (1042.3(a)(3));

*OR*

☐   claims are raised under both subdivisions 1042.3(a)(1) and 1042.3(a)(2).

Date: ___2/9/10___          _____
                            SHERIE PAINTER CANNIN

9